UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
JS, individually and on behalf of JS,
a student with a disability


Plaintiffs,

COMPLAINT

v.


New York City Department of Education,


Defendant.

------------------------------------------------------------------------x


JS (hereinafter, the "Parent" so as to distinguish from the student whose initials are the

same),[1] individually and on behalf of JS, a student with a disability, by and through their

attorneys, the Law Offices of H. Jeffrey Marcus, for their complaint, respectfully allege the

following:

PRELIMINARY STATEMENT

1.  This is an action brought pursuant to the Individuals with Disabilities Education

Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1415(i)(2), section 504 of the Rehabilitation

Act of 1973, 29 U.S.C. § 794 *et. seq.*, Article 89 of the New York State Education Law, and the

applicable state and federal regulations.

2.  Plaintiffs Parent and JS have at all relevant times resided within the territorial

---

[1] Initials are used throughout this Complaint to preserve the confidentiality of the Plaintiffs in conformity with the
privacy provisions of the IDEA, codified at 20 U.S.C. § 1417(c), and with the Family Educational Right to Privacy
Act ("FERPA"), codified at 20 U.S.C. § 1232g.

jurisdiction of the defendant New York City Department of Education (the "District" or "DOE").

3.      JS was at all times relevant to the underlying proceeding, a student with a disability as defined by the IDEA, 20 U.S.C. § 1401(3)(A).

4.      Plaintiff Parent is JS's parent as defined by the IDEA, 20 U.S.C. § 1401(23)(A).

5.      The District is a local educational agency as defined by the IDEA, 20 U.S.C. § 1401(19).  As such, the District is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 et. seq., 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act of 1973), 42 U.S.C. § 12101 et. seq., and the regulations promulgated thereunder.

6.      The District is required to provide a free appropriate public education ("FAPE") to every resident student between the ages of 3 and 21 determined to have a disability that adversely affects his or her learning.

7.      On November 28, 2017, the Parent challenged, by filing, through his attorney, an impartial hearing request alleging that the DOE had failed to provide JS with a FAPE for the 2017-2018 school year.

8.      The Parents filed an amended hearing request on July 24, 2019, through their attorneys, asserting additional claims including MA's right to remain in his last agreed-upon placement while the matter was pending.

9.      Impartial Hearing Officer Diane Ciccone ("IHO" held a hearing on the merits of the case on February 7, 2018.

10.     The IHO issued a decision and order on February 27, 2018. The IHO ordered,

*inter alia,* that the DOE reimburse the Parent for transportation expenses for the

2017-2018 school year in the amount of $1,958.40. This decision was not appealed by

either party.

11.     Despite substantial efforts by the law firm representing the Parent, the District has

yet to reimburse the Parent for transportation expenses as required by the IHO order.

12.     The Parents are hereby requesting that this Court compel the DOE to reimburse

the Parent as required by order of the IHO.

JURISDICTION AND VENUE

13.     This Court has jurisdiction to entertain this action pursuant to 28 U.S.C. §1331 in

that claims are asserted pursuant to the laws of the United States, pursuant to 20 U.S.C. §

1343(a) in that claims are asserted pursuant to laws providing for the protection of civil

rights, and pursuant to 20 U.S.C. § 1415(i)(2) & (3).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     The Parent pursued this matter through the impartial hearing process.  The IHO

rendered a final decision dated February 27, 2018, granting the Parent's requests for

relief.  Neither party appealed the IHO decision and order. Plaintiffs have thus exhausted

the administrative process.

FACTUAL ALLEGATIONS

15.     Plaintiffs repeat, reallege and reassert each and every allegation set forth in

paragraphs 1 through 14, above, as if more fully set forth herein.

FIRST CAUSE OF ACTION

3

16.     Plaintiffs repeat, reallege and reassert each and every allegation set forth in paragraphs 1 through 15, above, as if more fully set forth herein.

17.     The actions by the District, as set forth above, interfered with and denied JS's right to a FAPE under the IDEA, 28 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act of 1973, Article 89 of the New York Education Law, and the regulations promulgated under state and federal law.

## SECOND CAUSE OF ACTION

18.     Plaintiffs repeat, reallege and reassert each and every allegation set forth in paragraphs 1 through 17, above, as if more fully set forth herein.

19.     The actions by District, as set forth above, interfered with and denied the Parent's independent right to a FAPE for JS under the IDEA, 28 U.S.C. § 1400 et. seq., Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, and N.Y. Education Law Article 89, and the regulations promulgated under state and federal law.

## THIRD CAUSE OF ACTION

20.     Plaintiffs repeat, reallege and reassert each and every allegation set forth in paragraphs 1 through 19, above, as if more fully set forth herein.

21.     Should the Plaintiffs prevail in this action, they are entitled to reasonable attorneys' fees for services rendered on the underlying administrative proceeding as well as on this action pursuant to 20 U.S.C. § 1415(i)(3).

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)     assume jurisdiction over this action;

(b)     enter a declaratory judgment, declaring that the District's failure to implement

4

the IHO decision in its entirety violated Plaintiffs' rights as alleged;

(c)      enter a finding that the District's actions deprived JS of a FAPE, as well as his

Parent's independent right that he receive a FAPE;

(d)      order that the District reimburse the Parent's transportation expenses as ordered

by the IHO plus interest for the failure to have paid for over two years;

(e)      award to the Plaintiffs the costs, expenses, and attorneys' fees for this action

pursuant to 20 U.S.C. § 1415; 42 U.S.C. § 1988; 29 U.S.C. § 794(a); and/or 42 U.S.C. §

12205; and

(f)      grant such other and further relief as the Court deems just and proper.


Dated:
New York, New York
February 26, 2020                    Respectfully Submitted,

THE LAW OFFICES OF H. JEFFREY MARCUS, P.C.


S/ H. Jeffrey Marcus

By: H. Jeffrey Marcus, Esq.
    Law Offices of H. Jeffrey Marcus, P.C.
    H. Jeffrey Marcus Attorneys for Plaintiffs
    19 Limestone Drive, Suite 3
    Williamsville, New York 14221
    specialedlaw@mac.com
    (716) 634-2753 (Telephone)
    (716) 204-2041 (Facsimile)